**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------x

WINSTON GLEN and RITA BRIDGELALL,　　　　Index No.: 15-cv-2184

　　　　　Plaintiff,

　　　　-against-　　　　　　　　　　　　　**AFFIRMATION IN SUPPORT**
　　　　　　　　　　　　　　　　　　　　　**OF MOTION FOR DAMAGES**
　　　　　　　　　　　　　　　　　　　　　**AND FEES**

LIBERTY MOTOR CARS INC.,
JOSEPH SNELL, JUDITH NIRAN,
CREDIT ACCEPTANCE CORPORATION
and John Does 1-10,

　　　　　Defendant,

----------------------------------------x

　　　　　DAVID M. KASELL, an attorney duly licensed to practice law in the State of

New York and admitted to practice in the federal courts for the Eastern and Southern

Districts of New York, affirms under the penalties of perjury, as follows:

1. I am the founder of the Kasell Law Firm, counsel for the Plaintiffs, Winston Glen
   and Rita Bridgelall ("Plaintiffs") in the above-captioned matter.

2. I submit this affirmation in support of Plaintiffs' motion for damages and an
   award of attorneys' fees and costs, as a prevailing party, under the Truth in
   Lending Act ("TILA"), 15 U.S.C. §1640 and New York General Business Law §
   349.

3. The Truth in Lending Act and New York General Business Law § 349 both
   provide for an award of attorneys' fees to a prevailing plaintiff, and because
   Plaintiffs are "prevailing plaintiffs", the Court should award Plaintiffs their fees.

4. Accordingly, Plaintiffs now submit this motion in support of Plaintiffs' damages and for an award of fees and costs under Rule 54(d), as the Plaintiffs' claims entitle them to an award of attorneys' fees and costs.

### *PROCEDURAL HISTORY AND CLAIMS ASSERTED*

5. This action arose from Plaintiff's purchase of a used car from Liberty Motor Cars, Inc. ("Defendant"), and financing of that car.

6. Defendant's egregious violations of the above-referenced statues are set forth in the Complaint.

7. This action was commenced on April 16, 2015, by the filing of the Summons and Complaint. Dkt. 1.

8. On April 30, 2015, a copy of the Summons and Complaint was served on Defendants United Auto Credit by serving Mauren Cogan, Authorized Agent in the Office of the Secretary of State, of the State of New York, pursuant to N.Y. Bus. Corp. § 306, and proof of service by the Process Server was filed.

9. On May 1, 2015, a copy of the Summons and Complaint was served on Defendants Liberty Motor Cars Inc. by serving Nancy Daughtery, Authorized Agent in the Office of the Secretary of State, of the State of New York, pursuant to N.Y. Bus. Corp. § 306, and proof of service by the Process Server was filed.

10. On August 24, 2015, the Clerk entered an entry of default pursuant to Rule 55a of the Federal Rules of Civil Procedure because Defendant Liberty Motor Cars Inc. failed to appear or otherwise defend this action. Dkt. 14.

11. On September 16, 2015, Plaintiff filed an Amended Complaint that added parties to the action. Dkt. 15.

12. On September 17, 2015, another Summons was issued. Dkt. 17.

13. On March 16, 2016, pursuant to Rule 55a of the Federal Rules of Civil Procedure, an Entry of Default was entered by the Clerk because Defendant Liberty Motor Cars Inc. failed to appear or otherwise defend this action. Dkt. 26.

14. On November 4, 2016, the Honorable Magistrate Judge Steven L. Tiscione directed Plaintiff to file the instant memorandum of law by November 30, 2016, setting forth the cases and authorities relied upon by Plaintiff in support of its motion for default.

15. As shown by the documents submitted in this case, Defendant misrepresented material facts and illegally executed a duplicative retail installment sales contract on the Vehicle to secure an additional $11,693.68 loan forcing Winston Glen to incur tremendous damages to his credit, and making him responsible for a second loan on the very same vehicle when he had requested no such loan.

16. Thus, plaintiff incurred total damages of $11,693.

17. Accordingly, Plaintiff seeks the following relief:

    a. On Count I, for violations of the Truth in Lending Act, pursuant to 15 U.S.C. § 1640 (a)(2)(A)(i), judgment against Defendant for statutory damages in an amount of $2,000.

    b. On Count II, for violations of NY GBL § 349 (Deceptive Practices), judgment against Defendant for actual damages in an amount of $1,000.

***ATTORNEY'S FEES AND TIME RECORDS***

18. This Court must now decide the amount of costs and fees that the Plaintiff and his counsel are entitled to. As discussed below and in the accompanying memorandum of law, the amount sought should be awarded without any reduction.

19. Annexed hereto as Exhibit "A" are the time entries for Kasell Law Firm applicable to this matter. These records were made and entered into a computer system contemporaneously with the work performed.

20. A review of the billing records demonstrates that this matter was litigated efficiently and effectively. Your affiant has substantial experience litigating consumer matters and, in particular, automobile and automobile financing cases.

21. My firm was able to utilize this experience by minimizing the number of hours spent on this matter.

*Qualifications of David M. Kasell, Esq.*

22. Attorneys are not lining up to take these consumer protection cases, and Kasell Law Firm is practically the only firm in the New York City area that practices in this field. George Wolff, the Executive Director of the New York City Bar Association's Legal Referral Service, has submitted an affidavit in 2015 testifying to the fact that his organization had no other firms listed that have the experience and willingness to handle such cases. A copy of his affidavit is annexed hereto as it Exhibit "B".

*23.* Additionally, in similar cases that Kasell Law Firm has litigated, opposing counsel and other defendants have agreed to pay this firm its usual and customary rate in such matters of $350 per hour. Annexed hereto are copies of settlement

agreements from <u>King v. Nissan 112 Sales Corp.</u> a case filed in the Eastern District of New York, Index No.: 14-4423 and <u>Malec v. Millennium Motors Sports, LLC</u>, NYS Supreme Court, Queens County Index No.: 705911/2014 as Exhibits "C" and "D", respectively.

*CONCLUSION*

24. Since both the hourly rates requested and time expenditures are reasonable, this Court should award the Plaintiff and his counsel an award as follows:

   A.  $11,693.69 as Plaintiff's actual damages;

   B.  $3,000 as the sum of statutory damages under TILA and NY GBL § 349;

   C.  the sum of $5,461.50 as and for attorneys' fees and costs.

25. By adding an attorneys' fee provision to the Truth in Lending Act, General Business Law §§ 349, Congress and the New York State Legislature have determined that claims under this act are socially beneficial and has provided the encouragement needed to convince qualified attorneys to take on "small dollar" cases.

26. The case at bar represents the exact scenario envisioned by Congress and the New York State Legislature—a case where the public has been or may be subjected to abuse and deceptive practice by unscrupulous businesses. Only a fully compensable fee award will discourage Defendant and other dealers from engaging in such illegal practices.


Dated: Long Island City, New York
       November 30, 2016

                    KASELL LAW FIRM

_/s/_____
By: David M. Kasell, Esq. (DK7753)
*Counsel for Plaintiff*
1038 Jackson Ave., Suite 4
Long Island City, NY 11101
T: 718-404-6668